**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PALM INVESTMENT MANAGEMENT PTE. LTD., TAKASHI SHIMOYANAGITA, YOHEI KITAZUMI, and YUJI MASAKI, <br><br>          Petitioners, <br> v. <br><br> LIGHTHOUSE INVESTMENT PARTNERS LLC, and MAP 217 SEGREGATED PORTFOLIO, a segregated portfolio company of LMA SPECIAL PURPOSE COMPANY, <br><br>          Respondents. | Case No.: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Respondents Lighthouse Investment Partners LLC ("Lighthouse") and MAP 217 Segregated Portfolio ("MAP 217," and together with Lighthouse, "Respondents"), by and through their undersigned counsel, remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208, including 9 U.S.C. §§ 203 and 205, and, to the extent applicable, 28 U.S.C. §§ 1441 and 1446. The Verified Petition seeks a temporary restraining order and preliminary injunction in aid of arbitration under an international commercial investment advisory agreement containing an arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by Chapter 2 of the FAA. This action is removable under 9 U.S.C. §§ 203 and 205 because it relates to an arbitration agreement that falls under the Convention. The grounds for removal are as follows:

16321990

## PROCEDURAL BACKGROUND

1.     On April 30, 2026, Palm Investment Management Pte. Ltd. ("Palm"), Takashi Shimoyanagita, Yohei Kitazumi, and Yuji Masaki (collectively, "Petitioners") filed a Verified Petition for Preliminary Injunction and a Temporary Restraining Order in the Supreme Court of the State of New York, County of New York, captioned *Palm Investment Management Pte. Ltd., Takashi Shimoyanagita, Yohei Kitazumi, and Yuji Masaki v. Lighthouse Investment Partners LLC and MAP 217 Segregated Portfolio, a segregated portfolio of LMA Special Purpose Company*, Index No. 652575/2026 (the "State Court Proceeding").

2.     The Verified Petition seeks a temporary restraining order and preliminary injunction "in connection with arbitration" under CPLR §§ 7502(a), 7502(c), 7503(c), 6311, and 6313. Ex. A at p. 1, Introduction; *see also id.* at ¶ 17, Prayer for Relief. Petitioners seek, among other relief, an order enjoining Respondents from enforcing certain restrictive covenants contained in Section 19 of the parties' Amended and Restated Investment Advisory Agreement, as amended November 4, 2025. Ex. A ¶¶ 1–17, 83–107.

3.     The Verified Petition alleges that the Agreement is governed by New York law, that disputes under the Agreement must be resolved through arbitration before the American Arbitration Association in New York, and that the Agreement permits a party to seek preliminary injunctive relief in court. Ex. A ¶ 17.

4.     Petitioners invoke that arbitration-related court-relief provision as the basis for their Verified Petition. *Id.*

5.     Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on or otherwise received by Respondents in the State Court Proceeding are attached as exhibits to this Notice. A true and correct copy of the Verified Petition for Preliminary

16321990

Injunction and a Temporary Restraining Order is attached hereto as **Exhibit A**.  A true and correct copy of the Noticer of Appearance filed by Petitioners' counsel is attached hereto as **Exhibit B**. A true and correct copy of the docket sheet in the State Court Proceeding is attached hereto as **Exhibit C**.

## PARTIES

6.      Petitioner Palm Investment Management Pte. Ltd. is alleged to be a Singapore corporation with an office in Singapore. Ex. A ¶ 21.

7.      Petitioners Takashi Shimoyanagita, Yohei Kitazumi, and Yuji Masaki are alleged to be Japanese citizens and residents of Singapore. Ex. A ¶¶ 18–20.

8.      Respondent MAP 217 Segregated Portfolio is alleged to be a Cayman Islands segregated portfolio of LMA SPC. Ex. A ¶ 22.  The Agreement likewise identifies MAP 217 as "a segregated portfolio of LMA SPC, a Cayman Islands segregated portfolio company."

9.      Respondent Lighthouse Investment Partners LLC is alleged to be a Delaware limited liability company with its principal headquarters in Palm Beach Gardens, Florida. Ex. A ¶ 23.  Lighthouse's members and citizenship are not material to removal under FAA Chapter 2, and Respondents do not rely on diversity jurisdiction as a basis for removal in this Notice.

## THE AGREEMENT

10.      The Agreement is an Amended and Restated Investment Advisory Agreement, amended as of November 4, 2025, among MAP 217 Segregated Portfolio, Takashi Shimoyanagita, Yohei Kitazumi, Yuji Masaki, and Palm Investment Management Pte. Ltd. Ex. A at ¶ 2.

11.      The Agreement provides that Palm was appointed to manage MAP 217's assets designated for management under the Agreement.

12.      The Agreement identifies MAP 217 as the "Client" and Palm as the "Advisor."  It also provides that "Client has granted Lighthouse the authority to act on its behalf."  Petitioners

16321990

allege that Lighthouse is the Fund's investment manager and a third-party beneficiary of the Agreement. Ex. A ¶ 2.

13.     Section 26 of the Agreement contains a written arbitration clause. It provides that any dispute or controversy arising under the Agreement, or otherwise between or among the parties, must be submitted to arbitration under the rules of the American Arbitration Association. *See* Ex. A ¶ 17. The Agreement further provides that the arbitration will be heard by three arbitrators, will take place in New York, New York, and will result in a final and binding decision.

14.     Section 26 also provides that the Agreement is governed by New York law, except that issues relating to MAP 217's segregated portfolio structure are governed by Cayman Islands law. The same section preserves the right of a party to seek preliminary injunctive relief in court pending a final arbitral award. *See* Ex. A ¶ 17.

15.     Petitioners invoke that arbitration-related court-relief provision as the basis for the State Court Proceeding. The Verified Petition alleges that the Agreement requires disputes to be resolved through arbitration before the American Arbitration Association in New York and permits a party to seek preliminary injunctive relief in court. Ex. A ¶ 17.

### BASIS OF FEDERAL JURISDICTION UNDER FAA CHAPTER 2

1.     Removal is proper under the Convention. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards is implemented in the United States by Chapter 2 of the FAA, 9 U.S.C. §§ 201–208.

2.     Section 203 of the FAA provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and that "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

4

16321990

3.      Section 202 of the FAA provides that an "arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial" falls under the Convention unless the relationship is entirely between citizens of the United States and lacks a reasonable relation with a foreign state. 9 U.S.C. § 202.

4.      The Agreement contains a written arbitration agreement.

5.      The Agreement arises out of a commercial legal relationship. It is an investment advisory agreement under which Palm was appointed as investment adviser with respect to assets of MAP 217.

6.      The relationship is international and not entirely domestic.  Palm is alleged to be a Singapore corporation with an office in Singapore; the individual Petitioners are alleged to be Japanese citizens and residents of Singapore; MAP 217 is alleged to be a Cayman Islands segregated portfolio; and the Agreement concerns investment advisory services provided by a Singapore investment adviser and foreign portfolio managers. Ex. A ¶¶ 18–23.

7.      The arbitration agreement therefore falls under the Convention within the meaning of 9 U.S.C. § 202.

8.      This State Court Proceeding falls under the Convention because Petitioners seek provisional relief in aid of arbitration under the Agreement. Petitioners expressly invoke the Agreement's arbitration provision and the contractual carveout permitting a party to seek preliminary injunctive relief in court pending a final arbitral award. Ex. A ¶ 17.

9.      The Court therefore has original jurisdiction over this proceeding under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

**<u>REMOVAL IS PROPER UNDER 9 U.S.C. §§ 203 AND 205</u>**

10.     Section 205 of the FAA provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the

16321990

Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding" to the federal district court embracing the place where the state action is pending. 9 U.S.C. § 205.

11.    Section 205 further provides that "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." *Id*.

12.    Courts in this District have interpreted "relates to" "broadly, so as, in effect, to treat as removable—as logically would follow—any action within the scope of the federal-court jurisdiction supplied by Section 203." *Schorr v. Am. Arb. Ass'n*, 583 F. Supp. 3d 608, 619 (S.D.N.Y. 2022).  Removal under Section 205 is proper wherever "an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case[.]" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 863 F. Supp. 2d 351, 354 (S.D.N.Y. 2012) (quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (emphasis in original)).

13.    Here, the State Court Proceeding plainly "relates to" an arbitration agreement falling under the Convention. Petitioners seek a temporary restraining order and preliminary injunction "in connection with arbitration"; they rely on the Agreement's arbitration and provisional-relief provision; and they ask the Court to enjoin enforcement of provisions contained in the same Agreement that contains the arbitration clause. Ex. A ¶¶ 1, 17, 107. Adjudicating Petitioners' claims necessarily requires interpretation of the parties' Agreement, the AAA Commercial Rules that are incorporated by reference, and the parties' relationship under the Agreement. *See Schorr*, 583 F. Supp. at 620.

14.    Removal is therefore proper under 9 U.S.C. § 205.

15.    Additionally, courts in this District have found Section 203 jurisdiction where a party seeks an injunction "in aid of arbitration." *See Emirates Int'l Inv. Co., LLC v. ECP Mena*

6

*Growth Fund, LLC*, No. 11 Civ. 9227 (JGK), 2012 WL 2198436, at \*6 (S.D.N.Y. June 15, 2012);

*Albaniabeg Ambient Sh.p.k. v. Enel S.p.A.*, 169 F. Supp. 3d 523, 529 (S.D.N.Y. 2016) (collecting

cases). That is precisely what Petitioners seek to do here, invoking CPLR 7502(c), which states,

in relevant part that a court "may entertain an application for . . . a preliminary injunction in

connection with an arbitration . . . upon the ground that the award to which the applicant may be

entitled may be rendered ineffectual without such provisional relief[.]"

### REMOVAL IS TIMELY AND PROCEDURALLY PROPER

16.     Removal is timely under 9 U.S.C. § 205 because the State Court Proceeding has

not proceeded to trial. 9 U.S.C. § 205.

17.     To the extent 28 U.S.C. § 1446(b) applies, removal is also timely because to date,

Petitioners have not served Respondents, and so this Notice is necessarily being filed within 30

days of service on Respondents.

18.     Venue is proper in the Southern District of New York because the State Court

Proceeding is pending in New York County, which is within this District. *See* 28 U.S.C. §§ 112(b),

1441(a), 1446(a); 9 U.S.C. § 205.

19.     Venue is independently appropriate because the Agreement provides that the

arbitration "shall take place in New York, NY."

20.     Lighthouse and MAP 217 are the only Respondents named in the Verified Petition,

and both join in and consent to this removal.

21.     Promptly after filing this Notice, Respondents will provide written notice of

removal to Petitioners and will file a copy of this Notice with the Clerk of the Supreme Court of

the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

16321990

**RESERVATION OF RIGHTS**

22.     Respondents deny Petitioners' allegations except to the extent expressly admitted. Nothing in this Notice should be construed as an admission of any allegation in the Verified Petition or as a concession concerning the merits of Petitioners' request for temporary, preliminary, or permanent relief.

23.     By filing this Notice, Respondents do not waive, and expressly reserve, all defenses, objections, rights, and arguments, including without limitation all defenses and objections concerning personal jurisdiction, service, venue, arbitrability, standing, capacity, the availability or propriety of provisional relief, the enforceability and interpretation of the Agreement, and Petitioners' entitlement to any temporary restraining order, preliminary injunction, permanent injunction, declaratory relief, damages, attorneys' fees, costs, or other relief.

24.     Respondents further reserve all rights to compel arbitration, seek a stay, oppose any temporary restraining order or preliminary injunction, seek security under Federal Rule of Civil Procedure 65(c), enforce the Agreement, pursue affirmative relief, seek damages, fees, and costs, and pursue any other relief available under contract, statute, equity, arbitration rules, or otherwise.

8

16321990

WHEREFORE, Respondents respectfully remove the State Court Proceeding to the United States District Court for the Southern District of New York.

Dated: New York, New York
      May 1, 2026

                        Respectfully submitted,

                        */s/ Lisa E. Cleary*
                        Lisa E. Cleary
                        Millie Warner
                        PATTERSON BELKNAP WEBB & TYLER LLP
                        1133 Avenue of the Americas
                        New York, New York 10036
                        (212) 336-2000
                        lecleary@pbwt.com
                        mwarner@pbwt.com

                        *Attorneys for Respondents Lighthouse Investment Partners LLC and MAP 217 Segregated Portfolio, a Segregated Portfolio of LMA SPC*

9

16321990